IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-60317
Summary Calendar


JAMES M. LYLE, IV,

Plaintiff-Appellant,

v.

MAGNOLIA STATE ENTERPRISE, INC.;
AVERY WOODS, CEO, of Magnolia State
Enterprises; LOUIS VAUGHN, Supervisor;
LARRY HOLLEY, Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:94-CV-326-B-A)
_____
December 12, 1996
Before KING, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro se</u> and <u>in forma pauperis</u>, James M. Lyle IV,

an inmate in the Mississippi Department of Corrections (MDOC) at

Parchman, filed a civil rights complaint pursuant to 42 U.S.C.

§ 1983 against Magnolia State Enterprises (MSE) and three of its

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

employees.  Lyle now appeals the district court's dismissal of his complaint as frivolous under 28 U.S.C. § 1915(d).  We affirm in part and vacate and remand in part.


I. BACKGROUND

MSE is a private corporation that operates facilities at Parchman under contract with MDOC.  In his complaint, Lyle asserts four distinct causes of action under the umbrella of § 1983.  First, Lyle claims that all inmates who work for MSE are employees and as such have a constitutional right to earn at least minimum wage under the Fair Labor Standards Act (FLSA).  Second, Lyle claims that MSE's failure to provide workers' compensation for inmate employees violates state and federal law.  Third, Lyle asserts that MSE subjects its inmate employees to unsafe and unhealthy working conditions in violation of the Occupational Safety and Health Act (OSHA), which in turn constitutes a violation of the inmates' constitutional right to equal protection.  Finally, Lyle alleges that two MSE supervisors verbally threatened him, ultimately causing him to resign his job.

The magistrate judge conducted a Spears[1] hearing on September 27, 1995, and subsequently issued his report and recommendation that Lyle's suit be dismissed as frivolous under

---

[1]  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2

§ 1915(d).  Lyle sought and was granted an extension of time to file his objections to the magistrate judge's report.  Lyle did not file his objections within the extended period, and the district court entered final judgment adopting the findings and conclusions of the magistrate judge and dismissing the case.  Lyle subsequently filed his objections.  The district court construed these objections as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  The district court denied the motion, and Lyle timely filed a notice of appeal.

## II. ANALYSIS

Section 1915(d) authorizes a district court to dismiss an in forma pauperis complaint "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  28 U.S.C. § 1915(d).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as where defendants are clearly immune from suit or where the complaint alleges infringement of a legal interest that clearly does not exist.  Id. at 327.   We review a § 1915(d) dismissal for abuse of discretion.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

3

A. Fair Labor Standards Act

Lyle argues that the district court abused its discretion in dismissing his FLSA claim[2] as being without an arguable basis in fact or law. Lyle contends that the district court improperly based its decision on the misconception that Lyle's work for MSE was part of his prison sentence, and he cites Watson v. Graves, 909 F.2d 1549 (5th Cir. 1990), for the proposition that inmates who work for a private business are employees within the meaning of the FLSA.

Watson involved two prisoners in Louisiana who had not been sentenced to hard labor, but who, under a work-release program, were contracted out by a sheriff for trusty labor at a flat rate of $20 per day. Id. at 1551. The court explained that determination of "employee" status for purposes of the FLSA focuses on "economic reality and economic dependence." Id. at 1553. The "economic reality" test includes inquiry into:

> 'whether the alleged employer (1) has the power to hire
> and fire the employees, (2) supervised and controlled
> employee work schedules or conditions of employment,
> (3) determined the rate and method of payment, and (4)
> maintained employment records.'

Id. (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)). The court stated that an inmate's employee

---

[2] Although Lyle brought this claim under § 1983, he has not alleged violation of a specific constitutional right nor has he alleged that MSE is a state actor for § 1983 purposes. The district court did not dismiss the action on this basis, but apparently construed the claim liberally as one brought under the FLSA.

status should be assessed by applying the above factors to the facts of the case in light of the FLSA policies "to improve living conditions, bargaining strength vis-a-vis employers, and the general well-being of the American worker, [and] also to eliminate unfair competition among employers competing for business in the market and among workers looking for jobs."  Id. at 1554.

The court distinguished between situations in which a private, for-profit firm conducts operations on prison grounds, typically utilizing prisoners who have been sentenced to hard labor, and those in which inmates work outside the prison for and under the supervision of private contractors.  Id. at 1553.  The court stated that in most of the former situations, the economic reality test has led courts to conclude that inmates were not entitled to FLSA protection because "primary control over the inmates, and determination of the hours to be worked and the nature of the work to be performed rested with the prison."  Id. In a footnote, the court made an explicit distinction between prisoners who are sentenced to labor as part of their sentences and those who are not.  In the former case, "[the prisoner's] labor belongs to the prison and is at the disposal of the prison officials."  Id. at 1553 n.7.  However, "[i]n the latter case, there is no bar to a FLSA claim because the prisoner's work belongs to him and not to the prison."  Id.

The district court based its conclusion that Lyle was not an

5

employee of MSE for FLSA purposes on a determination that Lyle was required to work as part of his sentence.  This determination rested on a provision in the Mississippi Code which states that "[a]ll inmates, unless physically unable, shall be required to perform such work as may be set out in the policy-making board of the institution."  Miss. Code Ann. § 47-5-126 (1981).

It is not apparent from this record whether Lyle's work <u>for MSE</u> is required by § 47-5-126.  The statute expressly incorporates the policies of the institution, but the record discloses no factual allegations concerning such policies.  Accordingly, we cannot conclude that this claim is frivolous on the ground that the work at issue is required as part of Lyle's sentence.

The magistrate judge also stated in his report that our decision in <u>Alexander v. Sara, Inc.</u>, 721 F.2d 149 (5th Cir. 1983), mandates the conclusion that Lyle is not an "employee" under the FLSA.  While we recognize many factual similarities between this case and <u>Alexander</u>, our subsequent decision in <u>Watson</u> establishes that the inquiry into employee status is more complex than may have been suggested by <u>Alexander</u>.

We intimate no view as to the ultimate merits of this claim. We hold merely that on the record before us we cannot conclude that this claim has no "arguable basis either in law or in fact."

B. <u>Workers' Compensation</u>

6

In disposing of Lyle's workers' compensation claim, the district court concluded that the claim lacked a basis in law because the Mississippi workers' compensation statute specifically excludes inmates from coverage.  See Miss. Code Ann. § 47-5-567.  Lyle argues that this statute does not apply to a private, for-profit corporation such as MSE.  Lyle makes no attempt, however, to reconcile his position with express language in § 47-5-567 to the contrary:

> No inmate shall be eligible for unemployment compensation or workmen's compensation whether employed by the corporation <u>or by any other private enterprise operating on the grounds of a correctional institution</u> or elsewhere where such employment shall be part of a correctional work program <u>or</u> work release program of either the corporation or the department.

<u>Id.</u> (emphasis added).  Further, Lyle does not assert that he has suffered any injury that would entitle him to compensation, nor does he advance any argument in support of a violation of federal law.  The district court did not abuse its discretion in dismissing this claim as legally frivolous.


C. <u>OSHA</u>

The district court concluded that Lyle's OSHA claim was frivolous because OSHA does not establish a constitutional standard and Lyle did not allege facts either in his complaint or at the <u>Spears</u> hearing which would constitute "deliberate indifference" under the Eighth Amendment.  On appeal, Lyle argues that he could make a specific showing of deliberate indifference

7

due to OSHA violations.  Lyle does not argue that he in fact made such a showing to the district court.  Accordingly, the district court did not abuse its discretion in dismissing this claim as frivolous.[3]

D. Verbal threats

Lyle asserts that the district court abused its discretion in dismissing his § 1983 claim against two MSE supervisors, Louis Vaughn and Larry Holley.  Lyle alleged that Vaughn and Holley verbally threatened him during his month of employment with MSE.  Even assuming that the supervisors are state actors for purposes of § 1983, mere allegations of verbal abuse and threats do not state a claim under § 1983.  McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied, 464 U.S. 998 (1983).

Lyle argues that the alleged threats constitute violations of various state statutes.  Lyle did not, however, make any such claims in his complaint.  Even assuming that Lyle made this argument below and that the behavior in question does violate state law, a violation of state law does not automatically give rise to a claim of constitutional significance under § 1983.  Moreover, if construed purely as claims pursuant to state law,

---

[3]  The district court analyzed this claim as a potential constitutional violation under § 1983.  We note that this claim would have been properly dismissed if construed as a direct challenge under OSHA, because OSHA does not give rise to a private cause of action.  See Barrera v. E.I. Du Pont de Nemours and Co., Inc., 653 F.2d 915, 920 (5th Cir. 1981).

8

pendent jurisdiction does not attach because these claims do not arise from the same nucleus of operative facts as Lyle's federal causes of action.  <u>See</u> 28 U.S.C. § 1367.  The district court did not abuse its discretion in dismissing this claim as frivolous.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of this action as to Lyle's workers' compensation, OSHA, and verbal threat claims, and VACATE the order of dismissal and REMAND for further proceedings as to Lyle's FLSA claim.